UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MANDIE ALEXANDER,

    Plaintiff,                             CASE NO.:

v.

AMERICA'S NUMBER 1
CLEANING SOLUTIONS, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MANDIE ALEXANDER, by and through undersigned counsel, brings this action against Defendant, AMERICA'S NUMBER 1 CLEANING SOLUTIONS, LLC, and in support of her claim states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et. seq.*

1

3. Venue is proper in the Middle District of Florida because all events giving rise to these claims occurred in Seminole, Orange and/or Osceola County, Florida.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida.

5. Defendant operates a cleaning service/janitorial company business in Altamonte Springs, Seminole County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a reasonable fee.

8. Plaintiff requests a jury trial on all issues so triable.

9. At all times material hereto, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all times material hereto, Defendant was and continues to be covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

11. At all times relevant to this action, Defendant was engaged in interstate commerce with the meaning of FLSA, 29 U.S.C. § 203(s).

## FACTS

12. The Plaintiff began working for the Defendant as a cleaning employee in or about August 2018 and worked in this capacity until March 3, 2019.

13. At various times material hereto, Plaintiff worked in excess of forty hours within a workweek for Defendant, and she is entitled to be compensated for these overtime hours at a rate equal to one and one half times her regular hourly rate.

14. Defendant failed to pay Plaintiff an overtime premium for all of the hours that she worked, in violation of the FLSA.

15. Defendant's actions were willful, wanton and showed a reckless disregard for the provisions of the FLSA.

16. Plaintiff made multiple verbal complaints to Defendant regarding her compensation and Defendant's refusal to pay overtime.

17. Plaintiff made multiple verbal demands to Defendant that she did receive her payroll records and her proper overtime wages.

18. On information and belief, Defendant has failed to maintain records of wages, wage rates, job classifications and other terms and conditions of employment for the required period of three years.

19. As a direct result of and as retaliation for Plaintiff's verbal complaints and demands, Defendant terminated Plaintiff's employment on March 3, 2019.

20. Defendant further retaliation against Plaintiff by retroactively and improperly reducing Plaintiff's hourly wage from $10.00 per hour to $8.00 per hour for her last week of work.

21. On or about April 18, 2019, Plaintiff's counsel sent Defendant correspondence requesting Plaintiff's pay records.

22. To date, Defendant has not provided complete records to Plaintiff or her counsel.

### COUNT I- FLSA OVERTIME VIOLATION

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 15 of the Complaint as though fully set forth herein.

24. During the statutory period, Plaintiff worked overtime hours while employed by the Defendant, and she was not compensated for all these hours in accordance with the FLSA.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. As a result of the foregoing, Plaintiff has suffered damages.

**WHERFORE**, Plaintiff demands:

    a.    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate.

    b.    Judgment against Defendant stating that Defendant's violations of the FLSA were willful.

    c.    An equal amount of to Plaintiff's overtime damages as liquidated damages.

    d.    To the extent liquidated damages are not awarded, and award of prejudgment interest;

  e. A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief.

  f. All costs and attorney's fees incurred in prosecuting these claims; and

  g. For such further relief as this Court deems just and equitable.

## COUNT II – UNLAWFUL RETALIATION IN VIOLATION OF FLSA

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of the Complaint as though fully set forth herein

28. The FLSA applied to Plaintiff's employment with Defendants at all times relevant herein.

29. From August 2018 until March 2019, Plaintiff made multiple verbal complaints to Defendant that she was not being paid overtime wages as required by FLSA.

30. As a direct result of Plaintiff's verbal complaints, Defendant terminated her employment on March 3, 2019.

31. As a direct result of Plaintiff's verbal complaints, Defendant retroactively reduced her hourly wage by $2.00 per hour for her final week of work.

32. Defendant's actions were retaliatory and in direct violation of 29 U.S.C. §215(a)(3) and Plaintiff is entitled to relief.

**WHEREFORE,** Plaintiff demands:

    a. Judgment against Defendant for its violation of 29 U.S.C. §215(a)(3);

    b. An award of damages for the lost wages and benefits suffered by Plaintiff as a result of her wrongful termination;

    c. An award of liquidated damages;

    d. An award of prejudgment interest, as appropriate;

    e. All costs and attorney's fees incurred in prosecuting these claims; and

    f. For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 7th day of November, 2019.

        Respectfully Submitted,

        /s/ Jennifer K. Birmingham,
        **JENNIFER K. BIRMINGHAM, ESQ.**
        FBN: 0526800
        407-628-9081
        **The Birmingham Law Firm, P.A.**
        1353 Palmetto Avenue, Suite 100
        Winter Park, FL 32789
        Jennifer.birmingham@icloud.com
        Ursula.birminghamlaw@gmail.com
        **Attorneys for Plaintiff**